## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**JULIA SHUMATE,**

          **Plaintiff,**
                                  **Civil Action 2:17-cv-0157**
                                  **Chief Judge Edmund A. Sargus, Jr.**
          **v.**                       **Magistrate Judge Elizabeth P. Deavers**

**GENESTO, INC.,** *et al.*,

          **Defendants.**

### OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Transfer Venue to the United States District Court for the Southern District of Indiana, Indianapolis Division (ECF No. 17), Plaintiff's Response in Opposition (ECF No. 34), and Defendants' Reply (ECF No. 38.).  For the reasons that follow, Defendants' Motion to Transfer is **GRANTED**. (ECF No. 17.)

### I. BACKGROUND

Plaintiff Julia Shumate filed this lawsuit on February 22, 2017 on behalf of herself and all others similarly situated.  (ECF No. 1.)  Plaintiff filed her Amended Complaint on May 25, 2017. (ECF No. 27.)  Plaintiff alleges that Defendants failed to pay her proper overtime compensation and failed to pay minimum wage and wages for all hours worked.  (*Id*. at 6-8.)  Plaintiff alleges this conduct violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code §§ 4111.03 *et seq.*, state law provisions that use the same standards as the FLSA.  (ECF No. 27 at 12, 14.) Plaintiff's Complaint presents, therefore, both class and collective action allegations.

Defendant Hat World, Inc., *d/b/a* LIDS Sports Group is a subsidiary of Defendant Genesco, Inc., and is a nationwide retailer of headwear and apparel, organized under Minnesota law with its principal place of business in Zionsville, Indiana.  (ECF No. 27 at 4; ECF No. 17-1 at 1.)  Plaintiff worked for Defendants as a store assistant manager from November 2010 to December 2014 in Columbus, Ohio.  (ECF No. 27 at 3.)  Plaintiff is a resident of Licking County, Ohio.  (*Id.*)  Two of the opt-in plaintiffs reside in Ohio.  (ECF No. 28-3 at 1-2.)  The third opt-in plaintiff resides in Alabama.  (*Id.* at 3.)  Defendants oversee store manager development and training, as well as payroll operations, at their Zionsville, Indiana, headquarters, where they also store related records.  (ECF No. 17-2 at 1-3.)

## II. APPLICABLE LAW

Defendants move to transfer venue pursuant to 28 U.S.C. § 1404(a).  Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The threshold issue under § 1404(a) is whether the action could be brought in the transferee court.  *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007).  If a case could be brought in the court "the issue becomes whether transfer is justified under the balance of the language of § 1404(a)."  *Id.*  In balancing convenience, the Court must consider a number of factors such as "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'"  *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)).  Relevant factors to consider include: the practical problem of trying the case most expeditiously and inexpensively; the interests of justice; the plaintiff's

2

choice of forum; the defendant's preference; whether the claim arose elsewhere; the enforceability of the judgment; and the local interest in deciding local controversies at home. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009); *Slate Rock Constr., Co. v. Admiral Ins. Co.*, No. 2:10-CV-1031, 2011 WL 3841691 at *6 (S.D. Ohio Aug. 30, 2011) (quoting *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879-80 (3d Cir. 1995)).

The moving party bears the burden to establish a need for transfer. *Kay*, 494 F. Supp. 2d at 849–50 (citing *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)). Transfer pursuant to § 1404 must be "to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964); *see also Shanehchian v. Macy's, Inc.*, 251 F.R.D. 287, 292 (S.D. Ohio 2008) ("[Section] 1404 does not allow . . . for transfer if that transfer would only shift the inconvenience from one party to another.").

Even where venue is proper, a district court may exercise its broad discretion to transfer a civil action to a more convenient forum pursuant to § 1404(a). *See Reese*, 574 F.3d at 320 (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). "Ultimately . . . the decision whether to transfer venue under § 1404(a) is committed to the sound discretion of the trial court." *Levy v. Cain, Watters & Assocs.*, P.L.L.C., No. 2:09-cv-723, 2010 WL 271300 at *9 (S.D. Ohio Jan. 15, 2010); *Reese*, 574 F.3d at 320 ("[a]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate."). Section 1404(a) promotes "an individualized case by case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation omitted).

### III. ANALYSIS

Neither party disputes that this case could have been brought in the Southern District of Indiana. Moreover, Defendants do not suggest that venue in this Court is improper. Rather, the parties have set forth a variety of competing interests and concerns regarding the potential transfer of this case. As discussed below, the Court finds that Defendants have satisfied their burden of showing that the Southern District of Indiana, Indianapolis Division, is the more appropriate forum.

Although Plaintiff has chosen to bring suit in the Southern District of Ohio, a plaintiff's preference is not dispositive. *Commerzbank AG v. U.S. Bank N.A.*, No. 1:15-cv-818, 2016 WL 3255071 at *2 (S.D. Ohio June 14, 2016) (granting motion to transfer venue). Defendants do not suggest that venue in this Court is improper. Instead, they argue that this Court is not the most convenient forum for resolution of this matter. The Court agrees. *See Kay*, 494 F. Supp. 2d at 849 ("[e]ven in cases where venue is proper, a court may entertain a motion to transfer if there exists a better forum for the resolution of the dispute between the parties.") (quoting *SKY Tech. Partners v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 290–91 (S.D. Ohio 2000)).

**A. Private Interests are Best Served by Transfer**

**1. The convenience of parties is a neutral factor.**

Plaintiff chose the Southern District of Ohio because she is a resident of Ohio. (ECF No. 27 at 3.) Of the three opt-in plaintiffs, two are also Ohio residents, but the third is an Alabama resident. (ECF No. 28-3.) As a putative national collective action, many of the "several hundred persons" Plaintiff believes comprise the potential class, and who may opt-in to her suit, are presumably dispersed across the country. (ECF No. 27 at 4, 9.) A transfer of venue would, therefore, be convenient for Defendants, but would be equally inconvenient for Plaintiff and the

4

other Ohio resident opt-in plaintiffs. As to prospective nationwide opt-in plaintiffs, either forum

is equally inconvenient. Although assertion of a putative nationwide FLSA collective action

"considerably weakens" any deference to Plaintiff's choice of venue, *Blake v. Family Dollar*

*Stores, Inc.*, No. 2:07-cv-361 2007 WL 1795936 at *2 (S.D. Ohio June 19, 2007), merely

shifting the inconvenience from the movant to the non-movant is insufficient to justify a transfer.

*Inter-Nat'l Found. Corp. v. Disney 1999 Ltd. P'ship*, No. 2:09-CV-983 2010 WL 1438759 at *2

(S.D. Ohio Apr. 9, 2010). The Court finds, therefore, that the convenience of parties is a neutral

factor.

### 2. The convenience of witnesses favors transfer.

Defendants indicate that they have identified eight witnesses, at least two of whom would

be third-party witnesses, who live in the Southern District of Indiana and are likely to have

knowledge about questions at issue in this matter. (ECF No. 17-2 at 1-2 & No. 38 at 4.) The

presence of potential third-party witnesses more than 100 miles from the court and, therefore,

beyond the reach of compulsory process, weighs in favor transfer. *See Plaskolite, Inc. v.*

*Zhejiang Taizhou Eagle Mach. Co.*, No. 08-487, 2008 WL 5190049 at *8 (S.D. Ohio Dec. 9,

2008). Plaintiff argues that, for the Court to take this factor into consideration, Defendants must

produce statements from the third-party witnesses showing their unwillingness to appear. (ECF

No. 34 at 10-11.) While helpful, such statements from potential witnesses are not required.

*Staggert v. Team Oil Tools LP*, No. 2:16-cv-822 2017 WL 2189558 at *4-*5 (S.D. Ohio May 18,

2017). Plaintiff has not identified any potential third-party witnesses whose convenience would

outweigh that of the potential third-party witnesses identified by Defendants. The Court finds,

therefore, that the convenience of witnesses favors transfer.

### 3. The location of records is a neutral factor.

Defendants argue that because most, if not all, of the records to be produced in this matter are located at their Zionsville, Indiana, headquarters, transfer to the Southern District of Indiana is appropriate.  (ECF No. 17-1 at 7-8.)  Plaintiff asserts that all production in this matter can be conducted electronically.  (ECF No. 34 at 6.)  The Court finds that it is pure speculation at this point to state whether or in what proportion production in this matter may be conducted electronically.  As this Court has noted, however, "it's not too burdensome to transfer records electronically.  Indeed, without identifying some documentary evidence that . . . is too bulky or difficult to transport, this factor matters little."  *Staggert*, 2017 WL 2189558 at *5.  The Court finds, therefore, that the location of records is a neutral factor in this matter.

Accordingly, for the reasons explained above, the Court finds that the private interests are best served by transfer to the Southern District of Indiana, Indianapolis Division.

**B. Public Interests are Best Served by Transfer.**

**1.  Docket congestion is a neutral factor**.

The parties make much of the differences in docket size and number of judges between the Southern District of Ohio and the Southern District of Indiana.  (ECF No. 17-1 at 9 & No. 34 at 11-12.)  As Plaintiff notes, ultimately, the time elapsed from a filing to final disposition of a case is more germane to this analysis than absolute numbers of cases or judges.  (ECF No. 34 at 12.)  According to U.S. Courts' statistics cited by Plaintiff, docket congestion amounts to a difference among the two districts of less than one week in median time to final disposition and less than one month in time to trial.  U.S. District Courts, *Table C-5: Median Time Intervals from Filing to Disposition of Civil Cases Terminated*, http://www.uscourts.gov/sites/default/files/data_tables/fjcs_c5_0331.2016.pdf.  The Court, therefore, finds the negligible difference between the two districts to be a neutral factor in this matter.

6

**2.  The Southern District of Indiana has a greater public interest in this matter.**

Although Plaintiff does bring an Ohio wage-and-hour claim under the OMFWSA, she does so together with nationwide claims under the FLSA.  Ohio has no compelling interest in the local adjudication of a nationwide collective action.  Furthermore, "Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA."  *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725, 732 (S.D. Ohio 2006) (citing *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 69 n.2 (6th Cir. 1997)), *aff'd*, 225 F. App'x 362 (6th Cir. 2007).  The appended state law claim, therefore, makes this matter no more compelling to this district than to any other.  Because Defendant Hat World, Inc., has its principal place of business in Indiana, that jurisdiction has at least some particular interest in the resolution of this cause of action.  Although slightly, the Court finds that the Southern District of Indiana has a greater public interest in this matter.

Accordingly, for the reasons explained above, the Court finds that the public interests are best served by transfer to the Southern District of Indiana, Indianapolis Division.

## IV. CONCLUSION

The Court is not insensitive to Plaintiff's complaint that she, as well as her witnesses and other Ohio opt-in plaintiffs, is less able to bear the cost of travel to Indiana than the corporate defendants are able to bear the cost of travel to Ohio.  Although the Court's analysis indicates that transfer of this matter is warranted under §1404(a), the Court expresses willingness, in the event Plaintiff's Motion for Conditional Certification is denied, to entertain retransfer of this action to this Court.

7

In sum, Defendant's Motion to Transfer Venue to the Southern District of Indiana, Indianapolis Division, is hereby **GRANTED**.  The Clerk is **DIRECTED** to transfer this case to the Southern District of Indiana

**IT IS SO ORDERED.**


Date: October 4, 2017                      /s/ *Elizabeth A. Preston Deavers*
                                        ELIZABETH A. PRESTON DEAVERS
                                        UNITED STATES MAGISTRATE JUDGE